UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1922

ROBERT BOLUS, individually, and d/b/a BOLUS TRUCK SALES
CENTER,

Plaintiff - Appellant,

v.

FLEETWOOD RV, INC.; TOM JOHNSON CAMPING CENTER CHARLOTTE,
INC.; CUMMINS ATLANTIC, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:12-cv-00898-NCT-JLW)

Submitted:  March 31, 2016          Decided:  April 25, 2016

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Norman B. Smith, SMITH, JAMES, ROWLETT & COHEN, LLP, Greensboro,
North Carolina, for Appellant.  Reid Calwell Adams, Jr., Travis
L. Wherry, WOMBLE CARLYLE SANDRIDGE & RICE, LLP, Winston-Salem,
North Carolina; Valerie B. Mullican, BARNES & THORNBURG LLP,
Grand Rapids, Michigan; Marc E. Gustafson, ESSEX RICHARDS, P.A.,
Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Bolus and Bolus Truck Sales & Center, Inc. (Bolus) appeal the district court's order dismissing his suit for failure to comply with an order to pay Appellees' attorney's fees. The district court found that Bolus' failure to take any action for five months after the case was transferred from the Middle District of Pennsylvania led Appellees to incur litigation costs, and ordered Bolus to pay Appellees' reasonable attorney's fees "incurred in bringing and litigating their motions to dismiss and all matters reasonably stemming therefrom." The court also found that Bolus was required to re-serve process on two Appellees, but granted his request for an extension of time to complete this service, conditioned on Bolus' payment of the attorney's fees.

Appellees requested a total of $35,415.70 in attorney's fees. Bolus moved for reconsideration of the sanctions order, arguing that he could not afford to pay this amount. Bolus also stated that if the court denied his motion, he would seek an immediate appeal of the fee award under Fed. R. App. P. 5. The court denied the motion to reconsider, found that "Bolus has elected not to pay attorneys' fees" as ordered, and dismissed the case pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A)(v).

Rule 16(f)(1) authorizes sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), including dismissal, "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1), 37(b)(2)(A)(v). The Rule also authorizes the court to require the noncomplying party "to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule." Fed. R. Civ. P. 16(f)(2). We review a dismissal under Rule 37 for abuse of discretion. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). Bolus argues that no sanctions were appropriate because he did not violate a court order and that any violation did not warrant sanctions because it was caused by the court's erroneous implication that Bolus could not represent himself.[*]

Because Bolus failed to comply with the court's November 19, 2012, scheduling order and Local Rule 16.1(b), we conclude that sanctions were authorized under Rule 16(f). We also

---

[*] Bolus also argues that re-service of process was unnecessary. We do not reach this issue because the district court dismissed the case for failure to comply with court orders, not for lack of service of process, and we conclude that disposition of this issue would not affect the outcome of this case.

conclude that the district court did not abuse its discretion in finding that Bolus' failure to exercise greater diligence in seeking local counsel warranted sanctions. Although Bolus argues that he would have appeared pro se had he known this was an option, Bolus Truck is a corporation, and "may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). Moreover, Bolus' belief that he could not represent himself does not explain his failure to seek local counsel in the months prior to January 2013 after Pennsylvania counsel failed to promptly do so.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED